Electronically Filed
Intermediate Court of Appeals
30279
27-DEC-2013
09:14 AM

NO. 30279

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ILWU MEMORIAL ASSOCIATION,
a Hawaii eleemosynary corporation,
Plaintiff-Appellant,
v.
BANK OF HAWAII, a Hawaii corporation, Successor
Trustee of the Trust Estate of George H. Holt,
deceased, HEIRS OF KEAWEOPALA, HEIRS OF KAPAKUKOHANA,
HEIRS OF KAHIKO, HEIRS OF KAOPUA, HEIRS OF MAIAU,
HEIRS OF KEMELIA, HEIRS OF RODE, STATE OF HAWAII,
COUNTY OF HAWAII, JOHN DOES 1-10; JANE DOES 1-10;
DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE
ENTITIES 1-10 AND DOE GOVERNMENTAL UNITS 1-10,
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 03-1-0303)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Plaintiff-Appellant ILWU Memorial Association ("ILWU")
appeals from the December 8, 2009 Judgment Based Upon Findings of
Fact, Conclusions of Law and Order on Plaintiff's Claim of
Adverse Possession (Count II of the Complaint to Quiet Title)
("Judgment") entered in the Circuit Court of the Third Circuit
("Circuit Court")[1] in favor of Defendants-Appellees Sarah Bell,
Charles M. Bell, and Saffrey M. Bell (collectively, the "Bell
Defendants") and against ILWU on ILWU's claim of title to certain
real property at Hamakua, Hawai'i (the "Property"), by way of

---

[1]    The Honorable Greg K. Nakamura presided.

adverse possession.

On appeal, ILWU contends that the trial court erred: (1) when it denied the ILWU's motion for summary judgment because, based on "the undisputed facts, the statutory provisions and judicial precedents in existence and in force" between 1954 and 1964, ILWU possessed a "vested and indefeasible title to the [Property] on the expiration of the ten-year statutory limitation period"; and (2) "in relying upon and applying an unknown and nonexistent future case, viz. *City & County of Honolulu v. Bennett*, 57 Haw. 195, [5]52 P.2d 1380 (1976)," in denying ILWU's motions for summary judgment.[2/]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we find no merit in ILWU's claims.

Each of ILWU's arguments relating to its first point of error depend on adverse possession vesting as it would according to the law in place in 1964, and rely on *Bennett* not applying to any cotenancy in this case.[3/]  Regarding its second point of

---

[2/]  While ILWU appeals from the Judgment entered following a jury-waived trial as to Count II of the Complaint, its points of error each concern the Circuit Court's denial of summary judgment.  Review of the record indicates that the Circuit Court addressed three ILWU motions for summary judgment prior to entry of the Judgment.  While "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case," *Ueoka v. Szymanski*, 107 Hawaiʻi 386, 396, 114 P.3d 892, 902 (2005) (quoting *Pioneer Mill Co., v. Ward*, 34 Haw, 686, 694 (1938)) (internal quotation marks omitted), ILWU fails to identify the specific order denying summary judgment that it contends to be erroneous, fails to identify where in the record the alleged error occurred, or where the alleged error was objected to or the manner in which it was brought to the attention of the court.  Although we might disregard the points presented on this basis alone, *see* Haw. R. App. P. 28(b)(4), we proceed in recognition of our appellate courts' long-standing commitment to allowing parties their day in court, to the extent that we can understand their claims. *See Marvin v. Pflueger*, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012).  As it stands, since we understand ILWU's arguments to boil down to a contest over the alleged retroactive application of *Bennett*, we proceed to address that issue.

[3/]  While ILWU disputes on appeal that it was ever in a cotenancy with the Bell Defendants, that issue was not put before the Circuit Court for resolution.  Rather, ILWU, in its second motion for summary judgment, argued that "For purposes of the instant motion it is assumed, *arguendo*, that Defendants had inherited an undivided interest . . . in the subject property." And, in its post-trial findings of fact and conclusions of law, the court

2

error, ILWU does not rely on any of the exceptions to the rule announced in *Bennett*,[4/] but argues that the holding itself in *Bennett* could not apply because it was "nonexistent" in 1964. In sum, resolution of ILWU's points of error turns on the applicability of *Bennett*.

In 1976, the Hawaiʻi Supreme Court explained that if the land in question is held by cotenants, a "tenant in common claiming by adverse possession must prove that he acted in good faith towards the cotenants during the statutory period." *Bennett*, 57 Haw. at 209, 552 P.2d at 1390. In most cases, this requires that the tenant claiming adversely "must actually notify his cotenants that he is claiming against them." *Id.*

"[J]udicial decisions are assumed to apply retroactively, but not automatically." *Kamaka v. Goodsill Anderson Quinn & Stifel*, 117 Hawaiʻi 92, 117, 176 P.3d 91, 116 (2008) (original brackets omitted) (quoting *Catron v. Tokio Marine Mgmt., Inc.*, 90 Hawaiʻi 407, 411, 978 P.2d 845, 849 (1999)) (internal quotation marks omitted). "[W]here substantial prejudice results from the retrospective application of new legal

---

noted that "[t]he issue of [Bell Defendants'] title is not addressed in this trial at this time. However, for the purpose of this portion of the trial, it is assumed that [Bell Defendants] are tenants in common with Plaintiff." With ILWU having presented the case on summary judgment and again at trial as a pure legal question regarding *Bennett*'s retroactive application, premised on the assumption that a cotenancy existed, the Circuit Court did not determine that a cotenancy existed; rather, it assumed it. Therefore, we do not address those arguments on appeal, and focus exclusively on the allegedly ex post facto application of *Bennett*.

[4/] In most circumstances, this requirement of good faith will in turn mandate that the tenant claiming adversely must *actually notify* his cotenants that he is claiming against them. In the following exceptional circumstances, however, good faith is satisfied by less than actual notice: where the tenant in possession has *no reason to suspect* that a cotenancy exists; or where the tenant in possession makes a *good faith, reasonable effort to notify* the cotenants but is unable to locate them; or where the tenants out of possession already have *actual knowledge* that the tenant in possession is claiming adversely to their interests. In these limited circumstances, the notice requirement will be satisfied by constructive notice and "open and notorious possession."

*Bennett*, 57 Haw. at 209-10.

principles to a given set of facts, the inequity may be avoided by giving the guiding principles prospective application only." *Id.* (quoting *Catron*, 90 Hawai'i at 411, 978 P.2d at 849) (internal quotation marks omitted).

ILWU contends that the instant case falls within the ambit of three Hawai'i adverse possession cases that did not require actual notice: *Deponte v. Ulupalakua Ranch, Ltd.*, 48 Haw. 17, 395 P.2d 273 (1964), *Gomes v. Upchurch*, 50 Haw. 125, 432 P.2d 890 (1967), and *Thomas v. State*, 55 Haw. 30, 514 P.2d 572 (1973). ILWU argues that adverse possession was found in *Deponte*, *Gomes*, and *Thomas* after a ten-year period of adverse possession between the years 1928 to 1954, and that the only difference between those cases and the instant case is that this one arises after *Bennett* was decided.

ILWU's contention is unpersuasive. *Deponte*, *Gomes*, and *Thomas* are inapposite, as those cases involved claimants who provided actual notice or tenants who had actual knowledge. Hawai'i courts have repeatedly applied the *Bennett* principles to claims of adverse possession[5] covering time periods prior to 1976, the year *Bennett* was decided. *Bennett*, in fact, arose out of decisions and principles extant in 1964. In *Bennett*, the court interpreted two prior cases, *Yin v. Midkiff*, 52 Haw. 537, 481 P.2d 109 (1971), and *Poka v. Holi*, 44 Haw. 464, 357 P.2d 100 (1960), concluding that "because of the general fiduciary relationship between cotenants, a tenant in common claiming by adverse possession must prove that he acted in good faith towards the cotenants *during the statutory period*." *Bennett*, 57 Haw. at 209, 552 P.2d at 1390 (emphasis added). In *Bennett* itself, the parties claiming adverse possession and their predecessors had possession of the parcel since 1880. *See id.* at 205, 552 P.2d at 1388; *see also Wailuku Agribusiness Co. v. Ah Sam*, 114 Hawai'i 24, 35-36, 155 P.3d 1125, 1136-37 (2007) (holding that a motion for summary judgment in a 2002 quiet title action should not have been granted because the *Bennett* notice requirement applied to

---

[5]    Accordingly, we see no merit to ILWU's contention that *Bennett's* principles be regarded as mere dicta, simply because a jury, upon remand in *Bennett*, ultimately found that no cotenancy existed.

defendant's claim of adverse possession covering a period commencing in 1935); *Morinoue v. Roy*, 86 Hawaiʻi 76, 79, 947 P.2d 944, 947 (1997) (applying *Bennett* to a 1990 claim of adverse possession, where the period in question commenced in 1920).

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together, with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Blaisdell v. Dep't of Pub. Safety*, 119 Hawaiʻi 275, 282, 196 P.3d 277, 284 (2008) (brackets and emphasis omitted) (quoting *Omerod v. Heirs of Kaheananui*, 116 Hawaiʻi 239, 254-55, 172 P.3d 983, 998-99 (2007)) (internal quotation marks omitted). ILWU admitted that no actual notice had been given to the Bell Defendants of its claim to adverse possession. Therefore, viewing the evidence in the light most favorable to the non-moving party, ILWU was not entitled to summary judgment because it failed to show that it acted in good faith in providing notice to the Bell Defendants. Thus, the Circuit Court did not err in denying ILWU's motions for summary judgment as to the Bell Defendants.

Therefore, the December 8, 2009 Judgment Based Upon Findings of Fact, Conclusions of Law and Order on Plaintiff's Claim of Adverse Possession (Count II of the Complaint to Quiet Title) is affirmed.

DATED: Honolulu, Hawaiʻi, December 27, 2013.

On the briefs:

Eichi Oki and
William L. Goo (Suzuki & Goo)
for Plaintiff-Appellant.

Michael W. Moore
(Law Offices of Yeh & Moore)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

5